UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CHEP USA
        Plaintiff

v.                                Case No. 4:24-cv-00025-SEB-KMB

A-1 PALLET CO. OF CLARKSVILLE, INC.
        Defendant

## BRIEF IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendant, pursuant to Rule 12(b)(6) and Rule 12(C) of the Federal Rules of Civil Procedure hereby moves for the dismissal of the Plaintiff's claims against A-1 Pallet Co. of Clarksville, Inc. The Plaintiff's claims against A-1 Pallet Co. of Clarksville, Inc. must be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted. Alternatively, the Defendant is entitled to judgment on the pleadings.

The Federal Rules of Civil Procedure allow a party to make a motion to dismiss for failure to state a claim upon which relief can be granted. FRCP R. 12 (b) (6). The Federal Rules also allow a party to motion for judgment on the pleadings after the pleadings have closed as long as such a motion will not delay trial. FRCP R. 12 (c).

1. <u>Plaintiff has not Sufficiently Identified the Personal Property at Issue in this case, so the Conversion and Declaratory Relief Claims should be Dismissed for Failure to State a Claim.</u>

Under Indiana law, "[a] prima facie case of conversion requires demonstration that the tortfeasor appropriated another's personal property for the tortfeasor's own use and benefit, in

exclusion and defiance of the owner's rights, and under an inconsistent claim of title." Campbell v. Criterion Group, 621 N.E.2d 342, 346 (Ind. Ct. App. 1993).

Plaintiff's vague description of a "CHEP Pallet" in the Complaint does not give Defendant sufficient information to effectively respond to the Complaint. Plaintiff does not state how many "CHEP Pallets" Defendant has allegedly converted. Plaintiff does not provide a description of these pallets, other than to say they are stronger or better than average pallets. It is unclear what makes a pallet a "CHEP Pallet" rather than simply a pallet like any other. Defendant cannot respond to the Plaintiff's allegations in this case if the items at issue cannot even be accurately identified. Defendant cannot have converted an item which Defendant cannot even identify. Because Plaintiff does not sufficiently identify the items allegedly at issue, Plaintiff's conversion claim must be dismissed.

Obviously, the Court cannot declare anything in favor of the Plaintiff that is insufficiently described. As a result, the claim for declaratory relief should be dismissed as well.

2. <u>Plaintiff has Failed to Allege any of the Necessary Elements for Compensatory Damages, so this Claim should be Dismissed for Failure to State a Claim.</u>

The Plaintiff has further requested declaratory relief and conversion damages regarding pallets which it has failed to specifically identify and/or has failed to quantify. Under Indiana law, compensatory damages are calculated using the fair market value of the personal property at the time of the conversion. Chaiken v Eldon Emmor & Co., 597 N.E.2d 337, 344 (Ind. Ct. App. 1992).

Here, Plaintiff has not alleged the number of pallets Defendant has allegedly converted, nor has Plaintiff alleged the fair market value of the pallets at issue. Further, Plaintiff has not alleged the time of any supposed conversions. Plaintiff has failed to allege any of the elements required in a claim for damages for conversion. Therefore, the Plaintiff's claims against A-1 Pallet

Co. of Clarksville, Inc. must be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted.

3. <u>Plaintiff has Failed to Attach the Contract upon which this Claim is based, so this Claim should be Dismissed for Failure to State a Claim.</u>

Where a plaintiff relies on a pertinent document in a complaint and does not attach that document to the complaint as an exhibit, the defendant may attach that document to a motion attacking the complaint. The court may use the pertinent document while considering the defendant's motion to dismiss as long as the plaintiff relied on the document while drafting the complaint. Chambers v. Time Warner Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Here, Plaintiff refers to an agreement with Defendant numerous times in the Complaint. Plaintiff does not attach any such agreement to the Complaint, however. In Exhibit A, there is reference to Defendant's alleged participation in an "Asset Recovery Program" which the Plaintiff refers to in its Complaint as the "ARP Agreement." [compl. Ex. A] Because such a pertinent document is relied upon in the drafting of the complaint, but is not attached thereto, Defendant may attach the contract to this Motion for consideration by this Court. Defendant is unable to attach such a document, however, because Defendant has no ARP Agreement nor does one exist between the parties. Because Plaintiff cannot establish that a valid contract exists, as is required by Indiana law, the Plaintiff's claims against A-1 Pallet Co. of Clarksville, Inc. must be dismissed because the Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, the Defendant respectfully requests that the Court grant the Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings, for the Defendant's attorney fees, expenses, and costs, and for all other appropriate relief.

/s/ Gregory M. Reger
Gregory M. Reger
Indiana Atty. No. 18128-49
Counsel for Defendant
LORCH NAVILLE WARD LLC
506 State Street – P.O. Box 1343
New Albany, IN 47151-1343
Telephone: 812.949.1000
Email: greger@lnwlegal.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I have this 4th day of March, 2024, served a copy of the foregoing instrument on the following, by E-Service using the Court's E-filing system, if the below individual is a Registered User of the Court's E-Filing System or, if not a Registered User, then by U.S. mail, postage prepaid to the following:

Thomas B. Fullerton
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago IL 60606

/s/ Gregory M. Reger
Gregory M. Reger