UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHEP USA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00025-KMB-SEB |
| | ) |
| A-1 PALLET CO. OF CLARKSVILLE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING WITHOUT PREJUDICE
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Pending before the Court is the Parties' Joint Motion for Approval of Settlement Agreement and Mutual Release and Entry of Consent Judgment. [Dkt. 58.] Plaintiff CHEP USA ("CHEP") brought this action against Defendant A-1 Pallet Co. of Clarksville, Inc. ("A-1 Pallet"), for conversion and breach of contract and sought declaratory judgment under 28 U.S.C. § 2201. [Dkt. 1.] Following a Settlement Conference with the Court, the Parties ultimately executed a settlement agreement that they now ask the Court to approve. [Dkt. 58.] For the reasons discussed below, the Parties' Joint Motion is **DENIED WITHOUT PREJUDICE.**

Generally, parties are free to enter into a settlement agreement and dismiss a case without judicial approval. If the parties move for a proposed consent judgment or consent decree, however, that asks the court to exercise federal power by having the court retain jurisdiction to enforce compliance. As such, a consent judgment is subject to higher standards—specifically, "litigants wishing the Court to issue a consent judgment must argue why the judgment should issue, and cannot expect the Court unreflexively to endorse their agreement with the full authority of the federal judiciary." *Batesville Casket Co. v. Ackerman*, 2024 WL 3676766, at *2 (S.D. Ind. Aug. 6,

2024) (quoting *Metropolitan Life Ins. Co. v. Hanni*, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017)).

A consent judgment must "(1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction, (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). If these factors are met, then "a district court must determine whether a proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985); *see Local No. 93*, 478 U.S. at 525 (explaining that "a federal court is more than a recorder of contracts from whom parties can purchase injunctions.") (citation omitted).

The Parties' Joint Motion fails to address any of the relevant factors and, thus, is **DENIED WITHOUT PREJUDICE**. [Dkt. 58]; *see Batesville*, 2024 WL 3676766 (denying a joint motion that did not brief the factors). No later than **November 12, 2024,** the Parties are **ORDERED** to file a joint brief in support of the proposed consent judgment explaining how it meets the factors discussed herein. A reasonable extension of time from this deadline may be sought if necessary. The Court encourages counsel to review *State of Indiana v. Jackson Cnty. Schneck Mem'l Hosp.*, 4:23-155-KMB-SEB, where the undersigned ultimately approved a joint consent judgment by the parties in that case.

**SO ORDERED.**

Date: 10/22/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System